UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **Tiffany Jordan**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GoHealth, LLC.,** a Delaware Limited Liability Compay.<br><br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Tiffany Jordan ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendant, GoHealth, LLC (hereafter "Defendant" or "GoHealth") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Illinois Minimum Wage Law ("IMWL), 820 ILCS 105/1, *et seq*. and Fed. R. Civ. P. 23 for GoHealth's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of GoHealth. Plaintiff brings this action on behalf of herself and all similarly-situated current and former Customer Services Representatives ("CSRs") and Member Services Agents ("MSAs")[1] (also referred to as the "Covered Positions") of Defendants who received

---

[1] For the purposes of this Complaint, "CSRs" and "MSAs" are exclusively a job title used for the purpose of describing the putative class of similarly situated individuals, is not necessarily the job title of Plaintiff and the putative class, and has no bearing or relation to any specialization, skill, educating, training, or other qualification that might otherwise be associated

1

compensation as non-discretionary bonuses that were not included in their regular rate of pay for the purposes of calculating overtime wages.

3. The Collective Members and Class Members are all current and former CSRs and MSAs, or other similar non-exempt employees who were paid according to a non-discretionary bonus plan, who were employed by GoHealth at any time starting three years before this Complaint was filed, up to the present.

4. Under the FLSA and IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. GoHealth paid Plaintiff, the Collective Members and the Class Members according to a non-discretionary bonus policy, but GoHealth did not include these bonus payments as part of Planitiff's, the Collective Members' and the Class Members' regular rates of pay for the purposes of paying overtime.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff and the Collective Members occurred within the Northern District of Illinois.

---

with such a job title. The Covered Positions shall generally include all current or former non-exempt employees of GoHealth who were paid non-discretionary bonuses.

7. Plaintiff performed work and was employed at GoHealth's offices and facilities located within the Northern District of Illinois. At the relevant times following the COVID-19 pandemic detailed further herein, Plaintiff performed her work for Defendants from Plaintiff's residence in within the Northern District of Illinois.

8. GoHealth's corporate headquarters is located at 214 West Huron Street, Chicago, Illinois 60654

9. GoHealth regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

10. Plaintiff, the Collective Members and the Class Members in their work for GoHealth were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

11. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Cook County, Illinois, and is a current employee of GoHelath.

12. Plaintiff has been employed by GoHealth as a Customer Service Representative or Member Services Agent from approximately February 1, 2019 to the present.

13. The Class and Collective Members are all current and former employees in the Covered Positions who worked for GoHealth, including those working remotely, at any point in the three years preceding the filing of this Complaint. The Class and Collective Members are non-exempt from the IMWL and FLSA overtime requirements.

14. At all material times, GoHealth, LLC was a Delaware corporation duly licensed to transact business in the State of Illinois. At all material times, GoHealth does business, has offices, and/or maintains agents for the transaction of its customary business in Cook County, Illinois.

15. Under the IMWL and FLSA, GoHealth is an employer. At all relevant times, GoHealth had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's, the Collective Members' and the Class Members' employment. As a person who acted in the interest of GoHealth in relation to the company's employees, GoHealth is subject to liability under the IMWL and FLSA.

16. At all material times, Plaintiff and the Class and Collective Members were employees of Defendants as defined by the IMWL and FLSA, 29 U.S.C. § 203(e)(1).

17. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

18. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as Exhibit "A."

19. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former employees within the Covered Positions who agree in writing to join this action seeking recovery under the FLSA.

20. Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of GoHealth–specifically, current or former non-exempt employees of GoHealth who were paid non-discretionary bonuses.

21. At all relevant times, Plaintiff and the Collective Members were "employees" of GoHealth as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

22. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to GoHealth.

23. At all relevant times, GoHealth was and continues to be an "employer" as defined by the IMWL and FLSA, 29 U.S.C. § 201, *et seq*.

24. GoHealth individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's, the Collective Members' and the Class Members' work and wages at all relevant times.

25. Plaintiff, the Class Members and Collective Members, in their work for GoHealth, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff and the Class and Collective Members, in their work for GoHealth, were engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff and the Class and Collective Members, in their work for GoHealth, were engaged in interstate commerce.

## FACTUAL ALLEGATIONS

28. GoHealth describes itself as "a leading health insurance marketplace and Medicare-focused digital health company." https://www.gohealth.com/ (last visited Aug. 20, 2021). In addition to enrolling clients in Medicare insurance coverage, GoHealth performs customer service functions for clients enrolled in Medicare plans. *See id*.

29. The Collective Members are all current and former non-exempt employees of GoHealth who were paid non-discretionary bonuses.

30. The Class Members are all current and former non-exempt employees who performed work for GoHealth within the state of Illinois and were paid non-discretionary bonuses.

31. At all relevant times, Plaintiff was compensated on an hourly basis. Plaintiff's hourly wage began at approximately $15.00 per hour and is presently approximately $18.00 per hour.

32. At all relevant times, Plaintiff, the Collective Members and the Class Members regularly worked in excess forty hours in a given workweek.

33. Plaintiff was also paid according to a bonus compensation plan wherein Plaintiff received compensation in addition to her hourly wage for making or exceeding predetermined customer service, sales and performance metrics. An example of said bonus compensation plan is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

34. The bonus compensation plan that Plaintiff was subject to was non-discretionary.

35. The Class and Collective Members were paid according to identical or similar non-discretionary bonus plans.

36. When Plaintiff worked in excess of forty hours per week, GoHealth paid her only one and one-half times her base hourly wage as overtime compensation and GoHealth did not include Plaintiff's nondiscretionary bonus pay as part of her regular rate of pay for the purpose of computing overtime.

37. For example, during for the pay period spanning from March 29, 2020 through April 11, 2020, Plaintiff worked 1.52 hours of overtime for which she was compensated $34.20. As such, Plaintiff was paid an overtime rate of $22.50 which is only one and one-half times her base hourly rate of $15.00. However, during that same period, Plaintiff also earned $164.00 in bonus income which was not included in her regular rate of pay for the purpose of computing her overtime compensation. A true and complete copy of Plaintiff's pay stub for this pay period is attached hereto as Exhibit "C" and incorporated as if fully rewritten herein.

38. GoHealth failed to include Plaintiff's bonus income in her regular rate of pay for the purposes of computing Plaintiff's overtime wage during each and every work week in which Plaintiff worked in excess of forty (40) hours.

39. GoHealth similarly failed to include the Class and Collective Members' bonus income in their regular rate of pay for the purposes of computing the Class and Collective Members' overtime wages during each and every work week in which the Class and Collective Members worked in excess of forty (40) hours.

40. Plaintiff and the Class and Collective Members were non-exempt employees.

41. Plaintiff and the Class and Collective Members were not managers. They did not have supervisory authority over any employees, did not possess the authority to hire or fire employees, did not possess authority to make critical job decisions with respect to any of GoHealth's employees, did not direct the work of two or more employees, and did not exercise discretion and independent judgment with respect to matters of significance.

42. The primary duty of Plaintiff and the Class and Collective Members was not the management of the enterprise in which they were employed or any recognized department of the enterprise.

## COLLECTIVE ACTION ALLEGATIONS

43. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

44. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former employees of GoHealth in the Covered Positions.

45. GoHealth subjected all of their employees within the Covered Positions, including Plaintiff and the Collective Members, to their policy and practice of not paying them one and one-half times their regular rates of pay for all time they spent working in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207(a).

46. At all times material, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to GoHealth's decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully subjecting Plaintiff and the Collective Members to their policy and practice of not paying the employees within the Covered Positions one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

47. Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

48. The Collective Members perform or have performed the same or similar work as Plaintiff.

49. GoHealth's failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Plaintiff or the Collective Members.

50. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims

of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by GoHealth that caused harm to all of the Collective Members.

51. As such, Plaintiff bring his FLSA overtime claim as a collective action on behalf of the following class:

> **All current or former non-exempt employees of GoHealth who were paid non-discretionary bonuses at any point from three years prior to the commencement of this action to the present.**

52. GoHealth's unlawful conduct, as described herein, is pursuant to its corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

53. GoHealth was aware or should have been aware that federal law prohibited them from failing to pay Plaintiff and the Collective Members one and one-half times their regular rates of pay for time they spent working in excess of 40 hours in a given workweek.

54. GoHealth's unlawful conduct has been widespread, repeated, and consistent.

55. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

56. Upon information and belief, the individuals similarly situated to Plaintiff include hundreds, and possibly thousands, of current and former GoHealth employees. Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in GoHealth's possession, custody, or control, but it can be readily ascertained from their employment records.

57. Notice can be provided to the Collective Members by First Class Mail to the last address known to GoHealth, via email at the last known email address known to GoHealth, by text

message to the last known telephone number known to GoHealth and by workplace posting at each of GoHealth's regional offices.

## RULE 23 CLASS DEFINITIONS AND ALLEATIONS

58. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59. Plaintiff brings Claims for Relief for violation of Illinois' wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of themselves and all members of the following class (the "Illinois Class") comprised of:

60. **Rule 23 Class**

> **The Illinois Class Action Members are current or former non-exempt employees of GoHealth who performed work for GoHealth within the state of Illinois and were paid non-discretionary bonuses at any point from three years prior to the commencement of this action to the present.**

**Numerosity (Rule 23(a)(1)).**

61. The Illinois Class is so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that GoHealth employed greater than one hundred people who satisfy the definition of the Illinois Class.

    a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

62. Common questions of law and fact exist as to the Plaintiffs and the members of the Illinois Class including, but not limited to, the following:

    a. Whether GoHealth unlawfully failed to pay members of the Illinois Class the overtime wage, in violation of the Illinois Minimum Wage Law ("IMWL");

      b. Whether GoHealth unlawfully failed to keep and maintain accurate and true records of the hours worked by members of the Illinois class as required by applicable law; and

      c. The damages sustained and the proper measure of restitution recoverable by members of the Illinois Class.

### b. Typicality (Rule 23(a)(3)).

63. Plaintiff's claims are typical of the members of the Illinois Class' claims. Plaintiff, like other members of the Illinois Class, was subjected to GoHealth's illegal scheme to maximize profits by depriving their employees of overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

64. Plaintiff will fairly and adequately represent and protect the interests of the members of the Illinois Class. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

65. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because GoHealth acted or refused to act on grounds generally applicable to the members of the Illinois Class, making appropriate declaratory relief with respect to the members of the Illinois Class as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

66. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to members of the Illinois Class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

GoHealth's common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual members of the Illinois Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about GoHealth's practices.

67. Plaintiff intends to send notice to all members of the Illinois Class to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE AND/OR REFUSAL TO PAY OVERTIME

73. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

74. At all relevant times, Plaintiff and the Collective Members were compensated on an hourly basis.

75. At all relevant times, Plaintiff and the Collective Members regularly worked in excess forty hours in a given workweek.

76. Plaintiff and the Collective Members were paid according to a bonus compensation plan wherein Plaintiff and the Collective Members received compensation in addition to their hourly wage for making or exceeding predetermined customer service, sales and performance metrics. An example of said bonus compensation plan is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

77. The bonus compensation plan that Plaintiff and the Collective Members were subject to was non-discretionary.

78. Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. *See* 29 C.F.R. 778.208-215. GoHealth paid Plaintiff and the Collective Members according to a non-discretionary bonus policy, but GoHealth did not include these bonus payments as part of Planitiff's and the Collective Members' regular rates of pay for the purposes of paying overtime.

79. For example, during for the pay period spanning from March 29, 2020 through April 11, 2020, Plaintiff worked 1.52 hours of overtime for which she was compensated $34.20. As such, Plaintiff was paid an overtime rate of $22.50 which is only one and one-half times her base hourly rate of $15.00. However, during that same period, Plaintiff also earned $164.00 in bonus income which was not included in her regular rate of pay for the purpose of computing her overtime compensation. A true and complete copy of Plaintiff's pay stub for this pay period is attached hereto as Exhibit "C" and incorporated as if fully rewritten herein.

80. GoHealth failed to include Plaintiff's and the Collective Members' bonus income in their regular rate of pay for the purposes of computing overtime wages during each and every work week in which Plaintiff and the Collective Members worked in excess of forty (40) hours.

81. As a result, GoHealth has intentionally failed and/or refused to pay Plaintiff and the Collective Members overtime according to the provisions of the FLSA, 29 U.S.C. § 207.

82. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Collective Members believe that such information will become available during the course of

discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

83. GoHealth knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and GoHealth was aware of the FLSA's overtime requirements. As such, GoHealth's conduct constitutes a willful violation of the FLSA.

84. As a result of GoHealth's failure or refusal to pay Plaintiff and the Collective Members a wage equal to one and one-half times their regular hourly rate for all work they performed for GoHealth in excess of their regular 40-hour workweek, GoHealth violated 29 U.S.C. § 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

## COUNT TWO: ILLINOIS MINIMUM WAGE LAW
## UNPAID OVERTIME

85. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

86. At all relevant times, Plaintiff and the Class Members were compensated on an hourly basis.

87. At all relevant times, Plaintiff and the Class Members regularly worked in excess forty hours in a given workweek.

88. Plaintiff and the Class Members were paid according to a bonus compensation plan wherein Plaintiff and the Class Members received compensation in addition to their hourly wage for making or exceeding predetermined customer service, sales and performance metrics.

An example of said bonus compensation plan is attached hereto as Exhibit "B" and incorporated as if fully rewritten herein.

89. The bonus compensation plan that Plaintiff and the Class Members were subject to was non-discretionary.

90. Under the IMWL, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their **regular rate of pay** for all time they spend working in excess of 40 hours in a given workweek. For the purposes of computing the lawful overtime rate, an employee's regular rate of pay must include all non-discretionary bonus payments. GoHealth paid Plaintiff and the Class Members according to a non-discretionary bonus policy, but GoHealth did not include these bonus payments as part of Planitiff's and the Class Members' regular rates of pay for the purposes of paying overtime.

91. For example, during for the pay period spanning from March 29, 2020 through April 11, 2020, Plaintiff worked 1.52 hours of overtime for which she was compensated $34.20. As such, Plaintiff was paid an overtime rate of $22.50 which is only one and one-half times her base hourly rate of $15.00. However, during that same period, Plaintiff also earned $164.00 in bonus income which was not included in her regular rate of pay for the purpose of computing her overtime compensation. A true and complete copy of Plaintiff's pay stub for this pay period is attached hereto as Exhibit "C" and incorporated as if fully rewritten herein.

92. GoHealth failed to include Plaintiff's and the Class Members' bonus income in their regular rate of pay for the purposes of computing overtime wages during each and every work week in which Plaintiff and the Class Members worked in excess of forty (40) hours.

93. As a result, GoHealth has intentionally failed and/or refused to pay Plaintiff and the Class Members overtime according to the provisions of the IMWL.

15

94. GoHealth has engaged in a widespread pattern and practice of violating the provisions of the IMWL by failing and/or refusing to pay Plaintiff and the Class Members in accordance with IMWL § 820 105/4(a).

95. GoHealth has willfully failed and/or refused to pay Plaintiff and the Class Members overtime according to the provisions of the IMWL.

96. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

97. GoHealth knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Members over the course of their working from home would violate Illinois law, and GoHealth was aware of the Illinois overtime wage requirements during Plaintiff's and the Class Members' employment. As such, GoHealth's conduct constitutes a willful violation of the IMWL.

98. GoHealth has and continues to willfully violate the IMWL by not paying Plaintiff and the Class Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for GoHealth in excess of their regular 40-hour workweek.

99. As a result of GoHealth's failure or refusal to pay Plaintiff and the Class Members a wage equal to one and one half times Plaintiff's and the Class Members' regular rates of pay for work they performed for GoHealth in excess of their regular 40-hour workweek, GoHealth violated IMWL 820 § 105/4(a). Plaintiff and the Class Members are therefore entitled to

compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus statutory damages and interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Tiffany Jordan, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendant, GoHealth, LLC:

A. For the Court to declare and find that the GoHealth committed one or more of the following acts:

    i. violated the minimum wage and overtime provisions of the FLSA, by failing to pay proper minimum and overtime wages;

    ii. willfully violated the minimum wage and overtime provisions of the FLSA;

    iii. violated the minimum wage and overtime provisions of IMWL, by failing to pay proper minimum and overtime wages; and

    iv. willfully violated the minimum wage and overtime provisions of the IMWL;

B. For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest on any damages awarded;

E. For the Court to award all statutory damages, interest, attorney fees and costs owed to Plaintiff and the Class Members under the IMWL.

F. For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

G. For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks he took in doing so; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, the FLSA Collective, and the Illinois Class hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED: September 3, 2021

Respectfully submitted,

s/ *Michael L. Fradin*
Michael L. Fradin, Esq.
8401 Crawford Ave. Ste. 104
Skokie, IL 60076
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com

By: /s/ *James L. Simon*
James L. Simon (*pro hac vice* forthcoming)
THE LAW OFFICES OF SIMON & SIMON
5000 Rockside Road
Liberty Plaza – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com

18

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II (*pro hac vice* forthcoming)
Christopher J. Bendau (*pro hac vice* forthcoming)
BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone AZ: (480) 382-5176
Telephone OH: (216) 395-4226
Email: cliff@bswages.com