IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIFFANY JORDAN, <br><br> Plaintiff, <br><br> v. <br><br> GOHEALTH, LLC, <br><br> Defendant. | Case No. 21-cv-4736 <br><br> Magistrate Judge Beth W. Jantz |

## ORDER APPROVING CLASS ACTION SETTLEMENT

The above-captioned matter came before the Court on the parties' Joint Motion for Approval of Class Action Settlement. Following an *in camera* review of the parties' Settlement and Release Agreement ("Agreement"), damages calculation spreadsheet and distribution chart, and notice to eligible collective members, the Court orders as follows:

1. The Agreement is approved as a fair and reasonable resolution of a bonafide dispute under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. The settlement was the result of pre-trial investigation and substantial arms' lengths negotiations over disputed issues between counsel well-versed in wage and hour law, with the assistance of the Court through a settlement conference.

2. The Agreement was executed by all the parties and submitted to the Court for *in camera* review, along with the parties' damages calculation spreadsheet and distribution chart, and notice to eligible collective members. The Court finds that the Agreement will provide significant compensation to the plaintiff and participating collective members, while also allowing them to avoid the risks inherent in further litigation of their claims in this lawsuit.

3. The Notice of Settlement ("Notice") attached to the Agreement as Exhibit A is approved. The Notice sufficiently informs eligible collective members of the terms of the settlement, including how they may participate, the amount to which they are entitled under the allocation formula, the scope of the release, and the attorneys' fees award.

4. The Service Award and Attorneys' Fees and Costs set forth in the Agreement are approved, as reasonable and appropriate. The Court finds that the agreed upon payment to plaintiff's counsel included in the Agreement is reasonable and that the vigorous manner in which plaintiff's counsel have represented their clients further supports their fee claim.

5. This case is dismissed without prejudice. This Court will retain jurisdiction over this case for purposes of supervising the implementation, enforcement, construction, administration and interpretation of the Agreement, including the distribution of settlement funds, until 90 days after the entry of this order. At that time, the dismissal of this case without prejudice will automatically convert to a dismissal with prejudice, unless either party seeks relief from the Court.

6. The parties shall abide by all other terms of the Agreement and this Order.

It is so ORDERED this 21st day of June, 2022.

*[signature]*

Hon. Beth W. Jantz
United States Magistrate Judge